IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | |
|---|---|
| BOBBY R. BAKER, | |
| Plaintiff, | |
| vs. | No. 04-1289-T/An |
| WARDEN PARKER, et al., | |
| Defendants. | |

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Bobby R. Baker, an inmate at the Northwest Correctional Complex (NWCX), in Tiptonville, Tennessee, filed this complaint under 42 U.S.C. § 1983. The Clerk of Court shall record the defendants as Warden Parker, Captain Smith, Lieutenant Jones, Sergeant Ferrell, Officer Babb, Sergeant Smith, Officer Spence, Officer Smith, Nurse Attaway, and Samantha Phillips.

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  05-26-05

opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

2

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland, Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

3

II.   Analysis of Plaintiff's Claims

Plaintiff sues NWCX Warden Parker, Captain Smith, Lieutenant Jones, Sergeant Ferrell, Sergeant Smith, Correctional Officers Babb, Spence, and Smith, Nurse Attaway, and Health Administrator Samantha Phillips. Baker alleges that NWCX has an inadequate grievance procedure because his grievances are not picked up and processed on a daily basis. He alleges that defendant Ferrell has shouted at him and pointed a finger at him. He alleges that after he wrote Tennessee Department of Correction (TDOC) Commissioner White, he was threatened with lockup by defendant Babb. He further alleges that defendant Babb has pointed her finger at him and threatened him on other occasions. Baker alleges that he began being mistreated after filing grievances on defendants Spence and Ferrell. He contends that defendants Sergeant Smith and Officer Smith harass him on a daily basis.

Baker alleges that on October 11, 2004, he slipped and fell in water from a leaky ceiling. He alleges that on October 14, 2004, defendant Attaway gave him another inmate's blood pressure medication instead of his prescribed ibuprofen. Baker states that the medication caused him to become dizzy and he requested medical attention. He alleges that defendant Attaway took his blood pressure. Baker alleges that he requested medical attention again, however, the clinic refused to see him and advised him that the doctor had been notified and had replied that the medication would not hurt him.

Baker alleges that NWCX has leaky ceilings, deteriorating doors, and poor lighting. He contends that the use of the cell door hole to pass food, as well as cleaning supplies, constitutes cruel and unusual punishment. Baker includes other general and conclusory

4

allegations of purportedly unconstitutional conditions but fails to allege how those conditions have harmed or injured him.[1]

The complaint contains Baker's allegations that he "filed several grievances" and "cannot get an adequate response." Baker filed this complaint on November 1, 2004. On December 30, 2004, he submitted "Exhibits" to the Clerk consisting of several grievances. Grievance No. 20551, dated September 29, 2004, contends Baker was denied access to the law library. In a response dated October 1, 2004, Baker was advised of the library hours and alternative ways to request and receive legal documents and supplies. On October 6, 2004, Baker indicated that he did not want to appeal the response.

Grievance No. 20584, dated October 12, 2004, consists of plaintiff's complaints arising from his fall on October 11, 2004, due to water from a leaky ceiling. The response dated October 15, 2004, states the roof was fixed on September 17, 2004, and more rubber was ordered for further repairs. The grievance form indicates that plaintiff first sought to appeal the response, however, reconsidered and withdrew his appeal on October 21, 2004.

Baker filed Grievance No. 20629 on October 13, 2004, complaining that the temperature of the water in the showers was too cold. The response dated November 1, 2004,

---

[1] Baker cannot assert any claims under § 1983 against any defendant based on his witnessing alleged violations of the constitutional rights of other inmates. Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986); Rogers v. Gilless, No. 95-2220-Ml/Bre (W.D. Tenn. Apr. 28, 1995) (following Coon in dismissing claims by jail detainee as frivolous). Cf. Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984)(holding § 1983 cause of action is personal to the injured party); Krum v. Sheppard, 255 F. Supp. 994, 997 (W.D. Mich. 1966)(holding only an injured party has standing to sue). Baker cannot assert any violations of other inmates' rights. Furthermore, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Baker's generalized allegations will not be further addressed.

states that the temperature was checked on November 1, 2004, and determined to be 110 degrees, a temperature within the acceptable range of TDOC policy. On November 5, 2004, Baker indicated that he did not wish to appeal the response.

On October 8, 2004, Baker filed Grievance No. 20574, contending that defendants Captain Smith, Lieutenant Jones, Sergeant Smith, and Officer Spence were harassing black inmates on a daily basis by threatening them with lockup and denying access to the courts. His grievance was denied as inappropriate because it was vague and nonspecific, contained multiple issues, and failed to make specific allegations against staff. Baker's appeal was denied by the Assistant TDOC Commissioner on November 1, 2004. Baker attached three additional grievances, dated November 12, November 14, and November 18, 2004, which were not processed due to Baker's abuse of the grievance procedure.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

> In order to comply with the mandates of 42 U.S.C. § 1997e(a),
>
> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to

6

the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint is fully within the scope of § 1997e. Plaintiff's complaint presents multiple issues and his allegations are insufficient to demonstrate that he has properly exhausted his administrative remedies on any claim presented in his complaint.[2] Plaintiff appealed only one grievance, No. 20574, to the Commissioner; however, he did not relate the disposition of that appeal in his complaint filed on November 1, 2004. The Commissioner did not rule on the appeal until November 1, 2004. Baker may not amend his complaint to include the exhibits submitted December 30, 2004, to avoid dismissal to avoid a sua sponte dismissal.

---

[2] An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.

Baxter, 305 F.3d at 489. Furthermore, Baker did not fully exhaust his administrative remedies on any other issue presented in this complaint.[3]

The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. As plaintiff has not exhausted his administrative remedies, the Court dismisses this complaint under 42 U.S.C. § 1997e(a).

## III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Under Brown v. Toombs an appellate court must dismiss a complaint if a prisoner has failed to comply with 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case

---

[3] District courts are not "required to cull out and address exhausted claims in a 'mixed' civil rights complaint." Bomer v. Hakola, 84 Fed. Appx. 585, 587 (6th Cir. Dec. 12, 2003); see also Smith v. Hoffman, 75 Fed. Appx. 397, 398 (6th Cir. Sept. 9, 2003); Shorter v. Campbell, 59 Fed. Appx. 673, 674-75 (6th Cir. Feb. 20, 2003); Julian-Bey v. Crowley, 24 Fed. Appx. 393, 395 (6th Cir. Dec. 3, 2001).

8

for failure to exhaust administrative remedies compel the conclusion that an appeal would be subject to immediate dismissal.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 23rd day of May, 2005.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 1:04-CV-01289 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

Bobby Baker
Riverbend Maximum Security Facility
#113354
7475 Cockrill Bend Blvd.
Nashville, TN 37243--047

Honorable James Todd
US DISTRICT COURT